

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. AP-76,870

### EX PARTE SHAWN SIDDIQUE ABBASI, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. D-1-DC-11-904090-A IN THE 147TH DISTRICT COURT
### FROM TRAVIS COUNTY

*Per curiam*.

### O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted in a bench trial of attempted sexual assault and sentenced to six years' imprisonment.

Applicant contends that he was denied the right to appeal because neither trial counsel nor appellate counsel timely filed a notice of appeal. Appellate counsel was not appointed until the last day for filing notice of appeal.

The trial court has determined that although Applicant expressed his desire to appeal, neither trial counsel nor appellate counsel filed a timely notice of appeal or requested an extension of time

to file notice of appeal.

We find that Applicant is entitled to the opportunity to file an out-of-time appeal of the judgment of conviction in Cause No. D-1-DC-11-904090-A from the 147th District Court of Travis County. Applicant is ordered returned to that time at which he may give a written notice of appeal so that he may then, with the aid of counsel, obtain a meaningful appeal. Within ten days of the issuance of this opinion, the trial court shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall immediately appoint an attorney to represent Applicant on direct appeal. All time limits shall be calculated as if the sentence had been imposed on the date on which the mandate of this Court issues. We hold that, should Applicant desire to prosecute an appeal, he must take affirmative steps to file a written notice of appeal in the trial court within 30 days after the mandate of this Court issues.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice-Correctional Institutions Division and Pardons and Paroles Division.

Delivered: September 12, 2012
Do not publish